TIMOTHY COURCHAINE
United States Attorney
District of Arizona
LOUIS C. UHL
Arizona State Bar No. 021621
Assistant U.S. Attorney
7102 East 30th Street, Suite 101
Yuma, Arizona 85364
Telephone: 928-503-7954
Email: louis.uhl@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Ethan Tran,<br><br>　　　　　Defendant. | CR-26-00858-JFM<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

On July 27, 2026, the defendant, Ethan Tran, accepted the United States' plea offer, signing and lodging a one-count Information charging the defendant with Conspiracy to Commit an Offense Against the United States, Namely, Bringing an Illegal Alien to the United States, in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(2)(A), a Class A misdemeanor offense. His change of plea and sentencing is set for August 14, 2026. The United States hereby respectfully requests that the Court accept the plea agreement and impose a sentence of two years probation and files this sentencing memorandum, for the reasons below.

A. **United States Sentencing Guidelines**

Based on the information known to the United States at this time, the Defendant's Base Offense Level is 12 under U.S.S.G. § 2L1.1(a)(3). The Defendant is eligible for two-level sentencing reductions for Acceptance and Responsibility under U.S.S.G. § 3E1.1(a)

and Zero-Point Offender under U.S.S.G. § 4C1.1(a). Therefore, the United States calculates the Defendant's Sentencing Guidelines range as follows:

1.   **Base Offense Level:** The guideline for a violation of 18 U.S.C. **12** § 371 is U.S.S.G. § 2X1.1. The base offense level is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.  The guideline for the substantive offense, Bringing an Illegal Alien to the United States, is 12. U.S.S.G. § 2L1.1(a)(3).

2.   **Acceptance of Responsibility:** The defendant has clearly **-2** demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).

3.   **Zero-Point Offender:**   The defendant has a total of zero **-2** criminal history points.   Accordingly, the offense level is decreased by two levels.  U.S.S.G. § 4C1.1(a).

4.   **Total Offense Level:** **8**

A Total Offense Level 8, with a Criminal History Category I, results in a Sentencing Guidelines range of 0 to 6 months. The parties have entered into a plea agreement stipulating that the defendant's sentence shall not exceed six months imprisonment.

**B. United States Sentencing Guidelines: Fines**

1.   **Statutory Provisions**: The maximum fine is $100,000. 18 U.S.C. § 3571(b)(5).

2.   **Special Assessment**. A special assessment of $25 is mandatory. 18 U.S.C. § 3013.

3.   **Guideline Provisions**. The fine range for this offense is from $4,000 to $40,000. USSG § 5E1.2(c)(3).

Defense counsel, George Romero, has been contacted and agrees with the United States Sentencing Guidelines calculation based on the facts known to the parties at this time.

**C. Recommendation**

The United States respectfully recommends that the Court vary downward to a sentence of two years probation.  On or about July 10, 2026, the defendant transported Carlos Montano-Escobedo, an illegal alien, and two other illegal aliens, in his vehicle in the District of Arizona.  The defendant was fully aware that his passengers were illegal aliens, with no prior authorization to come to, enter, or reside in the United States.

Subsequent investigation revealed that on or before July 10, 2026, the defendant's coconspirators guided and brought his passenger to the border, knowing that she lacked authorization to come to, enter, or reside in the United States.  The defendant agreed to transport his passengers on July 10, 2026, and he knew that he was helping to further this alien-smuggling conspiracy by doing so. The plea agreement and recommended sentence reflects that the defendant has no criminal history and has accepted full responsibility for his actions.

The recommended sentence of two years probation would reflect the seriousness of the offense of alien-smuggling, promote respect for the immigration and criminal laws of the United States, and provide a just punishment for this offense.  With this misdemeanor conviction, he will retain the right to vote, to bear arms, and the panoply of rights that would dissipate forever had he not received a misdemeanor conviction.  The United States truly hopes that the defendant realizes that this conviction must be the end of his criminal conduct.  It is also hoped that the Court will agree with the United States that the recommended sentence of two years probation will be sufficient to further the objectives of the sentencing factors of 18 U.S.C. § 3553(a).  The United States also waives any fines and special assessments.

Respectfully submitted this 4th day of August 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*/s/ LOUIS C. UHL*
LOUIS C. UHL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: George Romero, AFPD.  *Counsel for Defendant.*

/s/_LOUIS C. UHL_
United States Attorney's Office